IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAVIER GUZMAN-ANDRADE,<br><br>Defendant. | 8:24-CR-33<br><br>ORDER ON DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2) |

This matter is before the Court on defendant Javier Guzman-Andrade's *pro se* Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Filing 48. The defendant argues that his 168-month term of incarceration should be reduced to 135 months under the retroactive application of Amendment 821 to the United States Sentencing Guidelines. Filing 48 at 4–5. Significantly, Amendment 821 went into effect more than 16 months before the defendant was sentenced in this case. For this reason and for the reasons set out below, the defendant's motion is denied.

### I. BACKGROUND

On March 26, 2025, the defendant was convicted of possessing with the intent to distribute 50 grams or more of methamphetamine (actual) after he pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement. Filing 43 (Judgment). The plea agreement provided that "the defendant shall receive a sentence of 168 months," and it also contained the following sentencing agreements:

> 1. The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 1.5 kilograms, but not more than 4.5 kilograms of actual methamphetamine.

1

> 2. The parties agree that the defendant possessed a firearm in connection with the offense of conviction, and that such conduct qualifies the defendant for a two-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1).

Filing 37 at 3. At the request of the parties and after reviewing the underlying facts and circumstances leading to the plea agreement, the Court accepted the Rule 11(c)(1)(C) plea agreement during the sentencing hearing. Filing 42 (Text Minute Entry). Consistent with the binding plea agreement, the Court sentenced the defendant to a term of 168 months of incarceration to be followed by a term of 5 years of supervised release. Filing 43. The defendant's calculated guideline sentencing range was 168 months to 210 months. Filing 46 at 1. In a section titled "Impact of Plea Agreement," the defendant's Presentence Investigation Report noted that "[b]y pleading guilty, Mr. Guzman-Andrade was afforded the greatest possible reduction for Acceptance of Responsibility. Due to the firearm enhancement, he was not eligible for either the Zero Point Offender reduction or the Safety Valve reduction." Filing 45 at 10.

The defendant now seeks a reduction in his sentence "pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline (U.S.S.G.) Amendment 821." Filing 48 at 1. In his Motion to Modify Sentence, the defendant argues that his "conviction count is an eligible crime for the 2 point reduction," and he identifies three different guideline ranges that he believes may apply to him. Filing 48 at 4. The defendant asks the Court to reduce his sentence to 135 months, a sentence that would fall within any of the three guideline ranges identified by the defendant. Filing 48 at 4–5. The defendant explains that he is "not in possession of the documents necessary to ascertain [his] final base level and guideline range both pre and post Amendment 821." Filing 48 at 4. Those "necessary" documents include documents indicating "whether this Amendment was already applied to [his] sentence as the date of [his] conviction was post November 1, 2023, and whether a safety valve applies in [his] case." Filing 48 at 4.

## II. LEGAL ANALYSIS

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." "[A] defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in [U.S.S.G] § 1B1.10(d)." *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). Amendment 821—which "provides that an offender with zero criminal history points can retroactively seek a two-level reduction if he or she satisfies ten criteria"[1]—appears in the list of covered amendments in U.S.S.G. § 1B1.10(d). *United States v. de la Cruz*, 135 F.4th 1127, 1128 (8th Cir. 2025) (per curiam). Amendment 821 is therefore "retroactively applicable" and can be a "basis for a motion to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2)." *Id.* at 1128 n.2 (internal quotation marks omitted) (quoting *United States v. Morales*, 122 F.4th 590, 593 (5th Cir. 2024)).

Amendment 821's retroactivity does not help the defendant here. As the defendant himself acknowledges, his March 2025 conviction and sentencing occurred well after Amendment 821 went into effect on November 1, 2023. Filing 48 at 4. *See* U.S.S.G. § 4C1.1, Historical Note. This means that the changes implemented under Amendment 821 were factored into the defendant's guideline calculations from the outset. And those calculations resulted in a guideline sentencing range of 168 months to 210 months in part because the defendant did not qualify for the two-level zero-point offender reduction instituted by Amendment 821. Filing 45 at 6, 10. In order to receive a two-level

---

[1] Amendment 821 established 10 criteria that a zero-point offender must satisfy in order to receive a two-level reduction. Amendment 831, effective November 1, 2024, replaced the tenth criteria with a new paragraph 10 and added paragraph 11. As discussed below, paragraph 7 is the only criterion that is relevant to the defendant's motion, and paragraph 7 is the same under both Amendments. *See* U.S.S.G. § 4C1.1(a)(7) (2023); U.S.S.G. § 4C1.1(a)(7) (2024).

reduction under U.S.S.G. § 4C1.1, a defendant with zero criminal history points must satisfy all of the criteria listed in the guideline. *See* U.S.S.G. § 4C1.1(a). It is clear from the defendant's Presentence Investigation Report that he has zero criminal history points. Filing 45 at 7. However, the Court concluded that the defendant did not qualify for the two-level reduction at sentencing because he admittedly did not meet all the criteria set out in U.S.S.G. § 4C1.1(a). *See* Filing 45 at 10. Specifically, the defendant did not satisfy the requirement in subsection (7) that he "not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense," U.S.S.G. § 4C1.1(a)(7), because in his plea agreement, the defendant admitted to "possess[ing] a firearm in connection with the offense of conviction," Filing 37 at 3. The defendant was therefore ineligible for the zero-point offender two-level reduction at the time of sentencing, and he has not shown that he is now eligible for that same reduction on his post-conviction motion.[2] Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Filing 48, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the defendant at his last known address.

---

[2] Although the defendant moves for a sentence reduction based on Amendment 821, he also makes passing references to the applicability of the safety valve reduction in U.S.S.G. § 5C1.2. Filing 48 at 4. The defendant has not identified a retroactive amendment to the safety valve provision of the Sentencing Guidelines that would support a motion under 18 U.S.C. § 3582(c)(2). Moreover, the Court concluded at sentencing that the defendant was not eligible for a safety valve reduction for much the same reason he was not eligible for the zero-point offender reduction: he admitted to "possess[ing] a firearm or other dangerous weapon . . . in connection with the offense." U.S.S.G. § 5C1.2(a)(2); Filing 37 at 3; Filing 45 at 10.

Dated this 24th day of October, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge